UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAISU VENTURES WEB3 FUND LIMITED PARTNERSHIP,<br><br>      Plaintiff,<br><br>    v.<br><br>PIERINA MERINO et al.,<br><br>      Defendants. | Case No. 2:25-cv-11462-SB-SSC<br><br>ORDER TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION |

      Plaintiff Taisu Ventures Web3 Fund Limited Partnership, a venture capital fund, invested a million dollars in Defendant FlickPlay, Inc. in exchange for future equity.  Plaintiff alleges that in late 2025, FlickPlay and its founder, Defendant Pierina Merino, attempted to recapitalize with a new investor to diminish the value of Plaintiff's shares and, when Plaintiff objected, threatened to publicize that Plaintiff was attempting to bankrupt FlickPlay and purchase its assets.  Defendants then allegedly made defamatory statements about Plaintiff to multiple media sources and to Plaintiff's investors.

      Plaintiff filed this action, alleging claims for breach of the investment agreements, defamation, civil extortion, and intentional interference with economic relations (IIER).  The complaint also includes a single claim for violation of the Securities Exchange Act (SEA), predicated on false capitalization tables and financial reports circulated to investors on October 21, 2025.  Dkt. No. 1 ¶ 48.  The complaint does not explain how Plaintiff relied on those false statements to its detriment, instead principally asserting that *Defendants* relied on the false statements to strip Plaintiff of the value of its investments.  Together with its complaint, Plaintiff filed an application for a temporary restraining order (TRO), premised solely on its claims for defamation and IIER, and seeking to prevent Defendants from making further false statements about Plaintiff.  Dkt. No. 4.

1

I.

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

A federal district court has original jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The party invoking jurisdiction—here, Plaintiff—has the burden of establishing its existence. *Kokkonen*, 511 U.S. at 377.

II.

The Court plainly has federal-question jurisdiction over Count 3, alleging violation of the SEA. Plaintiff has not, however, demonstrated original jurisdiction over the remaining claims. Plaintiff invokes diversity jurisdiction, conclusorily alleging that "Taisu and Defendants are citizens of different states or foreign states," but it has not established that diversity is complete. Dkt. No. 1 ¶ 5. In particular, the complaint alleges that Plaintiff is a limited partnership and that its limited partners "include institutional investors," of which it identifies only two—a Japanese corporation and a Singapore private limited company. But a limited partnership is a citizen of each state or foreign country of which any of its partners (both general and limited) is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *accord Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569 (2004). Because Plaintiff has not identified each of its partners and their citizenship, it has not met its burden to show that diversity is complete.

Although Plaintiff has not shown original jurisdiction over its state-law claims, it also invokes supplemental jurisdiction, which permits federal courts to exercise jurisdiction over claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28

U.S.C. § 1367(a).  Courts may decline to exercise supplemental jurisdiction over a claim under a variety of circumstances, including when "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  *Id*. § 1367(c)(2); *see also San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district court not required to give explanation for its reasons when it declines supplemental jurisdiction under this provision).  Here, even assuming that the tenuous connection between Plaintiff's SEA claim and its state claims is sufficient to support the existence of supplemental jurisdiction, the state claims appear to predominate, as evidenced by both the focus of the complaint and the fact that Plaintiff's TRO application relies exclusively on the state claims.

      Accordingly, Plaintiff is ordered to show cause in writing, by no later than 8:00 a.m. on December 8, why the Court should not find diversity jurisdiction lacking and decline supplemental jurisdiction over the state claims.  The Court does not intend to adjudicate Plaintiff's request for a TRO until it determines whether it will exercise jurisdiction over the claims on which the request is predicated.

Date: December 2, 2025

                                          Stanley Blumenfeld, Jr.
                                          United States District Judge