UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAISU VENTURES WEB3 FUND LIMITED PARTNERSHIP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PIERINA MERINO et al.,<br><br>　　　　Defendants. | Case No. 2:25-cv-11462-SB-SSC<br><br>ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER [DKT. NO. 4] |

　　　　Plaintiff Taisu Ventures Web3 Fund Limited Partnership, a venture capital fund, invested a million dollars in Defendant FlickPlay, Inc. in exchange for future equity.  Plaintiff alleges that in late 2025, FlickPlay and its founder, Defendant Pierina Merino, attempted to recapitalize with a new investor to diminish the value of Plaintiff's shares and, when Plaintiff objected, threatened to publicize that Plaintiff was attempting to bankrupt FlickPlay and purchase its assets.  Defendants then allegedly made defamatory statements about Plaintiff to multiple media sources and to Plaintiff's investors.

　　　　Plaintiff filed this action, alleging claims for breach of the investment agreements, violation of the Securities Exchange Act, defamation, civil extortion, and intentional interference with economic relations (IIER).[1]  Seeking to enjoin further defamation, Plaintiff filed an application for a temporary restraining order (TRO) and an OSC why a preliminary injunction should not issue.  Plaintiff served Defendants by mail and email, including to counsel who represented Defendants in

---

[1] In response to the Court's order to show cause (OSC) re subject-matter jurisdiction, Plaintiff has made a prima facie showing of diversity jurisdiction.  The OSC is discharged.  Plaintiff's application to file under seal the identities of its limited partners (Dkt. No. 22) is granted.

another matter but stated that his firm will not be representing Defendants in this matter. On December 8, Plaintiff filed a response it received by email from Defendant Merino (representing only herself pro se), challenging the validity of service, jurisdiction, and the merits of Plaintiff's application. Dkt. No. 24. Merino's opposition does not include any evidence.

I.

To obtain a TRO, a plaintiff must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury, (3) that the balance of hardships tips in its favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (noting that the TRO and preliminary injunction standards are substantially the same). "A preliminary injunction is an extraordinary remedy never awarded as of right," but rather only "upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22, 24.

II.

Plaintiff's application relies on its claims for defamation and IIER and seeks to enjoin Defendants from publishing or disseminating false statements about Plaintiff and its managing partner.

A.

Plaintiff has produced unrebutted evidence that on November 1 and 2, Defendants threatened that Plaintiff's managing partner, Takashi Hayashida, would face "public reporting of his unethical conduct by Coindesk and via other major Web2 and Web3 channels that will support the exposure of his conduct" if Plaintiff did not withdraw its arbitration claim. Dkt. No. 4 at 130 of 161. On November 3, Defendants contacted the media outlet CoinDesk falsely asserting that Hayashida was trying to drive Flickplay into bankruptcy and then purchase its assets, and they made similar claims to Plaintiff's limited partners and another media source between November 1 and 5. *Id*. at 6–9 of 161. On November 12, Plaintiff sent Defendants a cease-and-desist letter, but Defendants have not responded or retracted their false statements. *Id*. at 8–9, 159 of 161.

On this preliminary, uncontroverted record, it appears that Plaintiff is likely to prevail on its claims for defamation and IIER based on Defendants' communications with media and Plaintiff's limited partners on November 1–5.

B.

But Plaintiff has not demonstrated that it is entitled to the remedy it seeks—an order enjoining future false statements. *See* Dkt. No. 4-3 (proposed order).

There is no evidence that Defendants have made any further false statements since receiving its cease-and-desist letter on November 12. *See, e.g.*, Dkt. No. 22-1 (declaration in support of application to seal stating that Defendants circulated libelous statements on November 1, 2, and 5). Hayashida's declaration includes a conclusory assertion that "on information and belief, [Defendants] are continuing to assert false statements against Taisu and me," but it provides no explanation of the basis for that belief. Dkt. No. 4-2 at 10 of 161. The Supreme Court, however, has emphasized that "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (rejecting Ninth Circuit's "possibility" test as "too lenient"). Because Plaintiff identifies no actual or threatened false statements made by Defendants after receiving the November 12 letter, it has not shown a likelihood of irreparable injury that would warrant a prospective injunctive remedy.

Plaintiff's authorities are inapposite. *Aitkin v. USI Insurance Services, LLC* involved enforcement of a noncompetition agreement, and the court found the requested injunctive relief overbroad because it sought to address past misconduct as well. No. 2:21-CV-00267, 2021 WL 2179254, at *7 (D. Or. May 28, 2021) ("Generally, courts do not enjoin conduct already committed." (cleaned up)), *aff'd*, No. 21-35497, 2022 WL 1439128 (9th Cir. May 6, 2022). Plaintiff's other cases also involved ongoing interference with the plaintiffs' business. In *Orion Power Holdings US, LLC v. Bailey*, a third party, acting on the defendant's instructions, had informed the plaintiff that it "would refuse to continue working with [the plaintiff] unless it received written authorization from Defendant." No. 8:25-CV-01683-RGK, 2025 WL 2683987, at *1 (C.D. Cal. Aug. 1, 2025). And in *Brian Lichtenberg, LLC v. Alex & Chloe, Inc.*, the court expressly found that the defendant's defamatory statements were "ongoing." No. 13-CV-06837-DDP, 2014 WL 3698317, at *8 (C.D. Cal. July 25, 2014).

In contrast, the preliminary record here shows that Defendants made a series of defamatory statements over the course of five days in early November, but there is no evidence of any false statements by Defendants in the month thereafter, including in the weeks since Plaintiff sent them a cease-and-desist letter. Because Plaintiff has not met its burden to show that irreparable harm from future statements is likely, the application is denied. *See Herb Reed Enters., LLC v. Fla.*

3

*Ent. Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013) ("In light of our determination that the record fails to support a finding of likely irreparable harm, we need not address the balance of equities and public interest factors.").

III.

On the record before it, the Court declines to issue an OSC why a preliminary injunction should not issue, but nothing in this order precludes Plaintiff from filing a noticed motion for a preliminary injunction if it obtains additional evidence of continuing defamation or unlawful interference with its business relations.

\*   \*   \*

The clerk's office shall send a copy of this order to Defendant Merino at pierina@flickplay.co, the email address she identified as "for service and correspondence." Dkt. No. 24 at 11. Merino is advised that any future papers she wishes to submit to the Court must be filed with the clerk's office, not merely emailed to Plaintiff.

Date: December 9, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge